PER CURIAM: In this domestic action, Edward Flanary appeals the family 
courts equitable division of marital property

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Edward R. Flanary, Jr., Appellant,
v.
Carolyn Virginia Flanary, Respondent.
 
 
 

Appeal From Greenville County
 Robert N. Jenkins, Sr., Family Court 
 Judge

Unpublished Opinion No. 2004-UP-613
Submitted November 1, 2004  Filed December 
 7, 2004

AFFIRMED

 
 
 
O. W. Bannister, Jr., of Greenville, for Appellant.
Vanessa Lynn Hartman, of Greenville, for Respondent.
 
 
 

SHORT, J.:  In this domestic action, Edward Flanary appeals the family 
 courts equitable division of marital property, claiming the family court erred 
 in its calculation of the division of the estate.  We affirm. [1] 
 FACTS
 Edward Flanary (Husband) married Carolyn Flanary (Wife) in 1980. Both Husband 
 and Wife had children from a previous marriage. Initially, Husband worked 
 in sales and Wife stayed at home as a homemaker.  In 1981, the parties opened 
 a retail fabric business, eventually selling their interest in the company 
 in 1987.  In 1990, Husband and Wife started American Foam and Fabric (American 
 Foam) to sell replacement headliners for automobiles.  At the time of trial, 
 the business had grown from a few part-time employees to ten full-time employees.  
 Husband carried most of the responsibility for running and managing the business. 
 Wife assisted with the business, receiving a small salary for secretarial 
 duties she performed during the day while the children attended school.  Wife 
 worked regularly at American Foam until 1997 when she quit to take care of 
 her father who had been diagnosed with cancer. 
 Husband and Wife separated in 1998 and after several failed 
 attempts to reconcile. Wife filed for divorce in June 2000 based on a one-year 
 separation; however, the case was administratively dismissed for lack of trial 
 or other disposition within two hundred and seventy days.  In January 2002, 
 Husband filed for divorce, which the court granted in September 2002. A hearing 
 was held to determine issues related to alimony, equitable division, and attorneys 
 fees. The family court awarded Wife permanent periodic alimony, divided the 
 marital assets, and denied attorneys fees to either party. Husband filed 
 a motion for reconsideration arguing the court erred in its equitable division, 
 which was denied.  This appeal follows.
 LAW/ANALYSIS
 Husband 
 argues the family court abused its discretion by miscalculating the marital 
 estate and failing to grant Husband a greater portion of the estate.  We disagree. 
 
 Section 20-7-472 of the South Carolina Code lists fifteen factors for the 
 court to consider in making an equitable apportionment of marital estates 
 and vests the discretion to decide what weight should be assigned to the various 
 factors in the family court. S.C. Code Ann. § 20-7-472 (Supp. 2003).  On 
 review, we look to the fairness of the overall apportionment; if the end result 
 is equitable, it is irrelevant that we might have weighed specific factors 
 differently than the family court.   Jenkins v. Jenkins, 345 S.C. 
 88, 100, 545 S.E.2d 531, 537 (Ct. App. 2001).  This court will affirm the 
 family court judge if it can be determined that the judge addressed the factors 
 under section 20-7-472 sufficiently for us to conclude he was cognizant of 
 the statutory factors.  Id.   
 Husband contends the family court intended to give each party an equal portion 
 of the estate and the court omitted certain debt in its calculations; however, 
 the courts order refutes this claim.  The order approximates an equal apportionment 
 of assets, yet Husband received a greater debt ratio. While Husband does carry 
 a greater load of the marital debt, he also receives income-producing assets 
 to assist in extinguishing the debt. All the debt calculations might not have 
 been clearly delineated in the courts order; however, the entirety of Husbands 
 debt appears plainly in the order. Furthermore, the family court addressed 
 Husbands argument in its order denying the motion for reconsideration and 
 reiterated the reasons for dividing the estate in such a manner.  The court 
 listed several factors to compensate for Husbands higher debt ratio, including 
 awarding American Foam to Husband, imputing income to Wife, assigning a lower 
 than actual income to Husband, and allowing Husband an annual credit. 
 The law of equitable distribution is premised on providing the family court 
 the flexibility to view each case based on individual circumstances peculiar 
 to the parties involved and to fashion division of parties assets in a manner 
 that is uniquely fair to the parties concerned.  Thomas v. Thomas, 
 353 S.C. 523, 529, 579 S.E.2d 310, 313 (2003).  Equitable division is not 
 necessarily equal division.  Accordingly, the family court did not abuse its 
 discretion when determining equitable division of the marital estate.
 AFFIRMED.               
 ANDERSON, J., concurs.  STILWELL, J., dissents in a separate 
 opinion.
 STILWELL, J. (dissenting):  I respectfully dissent.  In my opinion, 
 the net result of the division of marital assets and the assignment of marital 
 debt is inequitable distribution, not equitable distribution.
 The total amount of gross assets, according to the calculations relied upon 
 by the family court, is $1,224,521.  The total amount of marital debts is 
 $937,777.75, resulting in net equity to be equitably apportioned of $286,743.25.  
 Even though Husband received gross assets valued at $961,725, he was assigned 
 total marital debts of $880,026, leaving him with a net equity pursuant to 
 equitable distribution of $81,699 as compared to Wifes net equitable distribution 
 valued at $205,044.  I am convinced this is not the result intended by the 
 court.  The wording of the order itself clearly indicates the court wanted 
 to make an approximate equal division of the properties, and the requirement 
 in the order that the Husband pay down the first mortgage on the marital home 
 was designed to equalize the division.  
 This conclusion is buttressed by the family courts final analysis of the 
 equitable distribution award when it summarized the results by stating that 
 Husbands net marital estate, after calculating the debt assigned to Husband, 
 will be $222,632.39 and compared that with Wifes net estate . . . [of] 
 $215,501.28.  This leads to the inescapable conclusion that there has been 
 a mathematical miscalculation, since the sum of these two figures greatly 
 exceeds the total value of the net estate.  For this reason, I believe the 
 result of the family courts equitable distribution award was not as intended.
 Even if the family court intended this result, I would favor reversing because, 
 in my opinion, this division, which apportions approximately 71% of the net 
 marital estate to Wife where there is no marital fault involved, no children 
 were born of the union, and Wife is awarded $2,000 per month in alimony, is 
 patently unfair and inequitable.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.